# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                                    Case No. 6:06-cr-174-Orl-31KRS

TRINKA DEMIKA DANIELS

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Pursuant to Local Rule 6.01(c)(16), on May 28, 2009, I conducted the Final Probation Revocation Hearing of the Defendant on the Superseding Petition for Warrant or Summons for Offender Under Supervision filed April 16, 2009 by Probation Officer Thomas Sanders.

In the Petition, Probation Officer Thomas Sanders alleges the Defendant was in violation of:

- **Probation Standard Condition 1, Paragraphs 1, 8, and 9**

Which states that while on supervised release, the defendant shall not commit another federal, state, or local crime.

On November 22, 2008, Daniels knowingly and intentionally took property from Wal-Mart without paying for them and was arrested by the Titusville Police Department, in violation of Florida Statue 812.014. She was subsequently charged with Retail Theft, in Brevard County Circuit Court, Titusville, Florida, Docket # 08-MM-69285.

On April 11, 2009, Daniels knowingly and intentionally took property from Burlington Coat Factory without paying for them and was subsequently arrested by the Hillsborough County Sheriff's Office, in violation of Florida Statue 812.014. She was subsequently charged with Petit Theft, in Hillsborough County Circuit Court, Florida, Docket #09-CM-007796, Count 1.

On April 11, 2009, Daniels verbally identified herself as Shamika Daniels, with a date of birth of November 10, 1992, when questioned by the Hillsborough County Sheriff's Office, and was arrested and charged with violating Florida Statute 901.36. She was subsequently charged with False Name to a Law Enforcement Officer, in Hillsborough County Circuit Court, Florida, Docket # 09-CM-007796, Count 2.

- **Condition 5, Paragraph 2**

Which states that the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

Since the commencement of probation, Daniels has failed to maintain stable work at a lawful occupation and has not provided the probation officer with an acceptable reason for not being employed.

- **Condition 11, Paragraph 3**

Which states that the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

As of December 10, 2008, Daniels failed to notify her probation officer that on November 22, 2008, she was arrested by the Titusville Police Department for the offense of Retail Theft.

- **Probation Special Condition, Paragraph 4**

Failure to make Restitution in Violation of the Court's Order, which requires her to make payments as follows:

Daniels was ordered by the Court to make restitution payments at the rate of $125.00 a month. Her original restitution obligations was $4,000 and she has a current balance of $2,679.88.

- **Probation Special Condition, Paragraph 5**

Failure to pay Special Assessment in violation of the Court's Order, which requires her to make payments as follows:

Daniels was ordered by the Court to immediately pay her special assessment in the amount of $200.00. Additionally, Daniels signed documentation on February 23, 2007, agreeing to pay her special assessment.

- **Probation Special Condition, Paragraph 6**

Failure to participate in Mental Health Counseling in violation of Special Condition.

Daniels failed to attend her mental health counseling sessions as scheduled, as a result, she was discharged from treatment on November 30, 2008.

- **Probation Special Condition, Paragraph 7**

Failure to complete Community Service in violation of the Special Condition:

As of December 10, 2008, Daniels has failed to begin her required community service hours and she has a current balance of 150 hours.

The Defendant admitted violating the Conditions in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 as set forth in the Superseding Petition for Warrant or Summons for Offender Under Supervision.

The Government will withdraw the Conditions in Paragraphs 10, 11 and 12 of the Superseding Petition for Warrant or Summons for Offender Under Supervision at sentencing.

Accordingly, the undersigned finds that the Defendant has violated the terms of her probation and respectfully recommends that the Court enter an Order to Show Cause why his probation should not be revoked.

The Defendant is in custody of the U.S. Marshal pending sentencing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days of the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on this 28th day of May, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
United States Attorney
United States Probation Office
Counsel for Defendant